# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2008

_____

United States of America

*Plaintiff - Appellee*

v.

Keshawn Lavone Reed

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: January 16, 2026
Filed: May 11, 2026
[Unpublished]

_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.

_____

PER CURIAM.

The district court[1] revoked Keshawn Reed's term of supervised release after finding he had committed two new law violations. Reed appeals, arguing the government offered insufficient evidence to establish either violation.

_____

[1]The Honorable Stephen H. Locher, United States District Judge for the Southern District of Iowa.

I.

Reed pleaded guilty to unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and received a 100-month sentence. Upon release from custody, he began his 3-year term of supervised release in October 2024. On April 14, 2025, Reed's supervising probation officer filed a Request for Summons and Modification of the Conditions or Terms of Supervision, informing the district court that Reed had been charged with operating while intoxicated (OWI) in violation of Iowa law and was released on bond. The district court issued a summons and scheduled a hearing for May 7, 2025. On May 5, 2025, Reed's probation officer filed an Amended Petition for Warrant or Summons for Offender Under Supervision alleging another new law violation—eluding, stemming from an incident that took place on April 27, 2025.

Reed contested the violations, and the district court held a hearing on May 7, 2025, where the government called three witnesses. First, Davenport Police Officer Traishondus Bunch testified about Reed's OWI arrest. Bunch explained that he pulled Reed over on April 3, 2025, because the car Reed was driving had "dark window tint" and no front or rear license plates. When Bunch approached the car, he smelled burnt marijuana. He also testified that Reed, who was in the driver's seat, had bloodshot eyes, slurred his speech, and smelled "overwhelming[ly]" of alcohol. Bunch asked Reed to get out of the car, and then administered field sobriety tests. According to Bunch, Reed failed or scored poorly on each of the multiple tests and declined a breath test. Reed was arrested and taken to the local jail.

Next, Officer Terry Rawls of the Bettendorf Police Department testified that he saw a black Chevy sedan with heavily tinted windows just after 2 a.m. on April 27, 2025. When Rawls activated the lights on his marked patrol vehicle to make a traffic stop, the Chevy sped up. Rawls pursued the car, accelerating to 100 miles per hour, but he discontinued the pursuit at the Illinois border. Rawls was unable to discern who was driving the car, but he saw the license plate, which showed it was registered to Reed.

Finally, United States Probation Officer Breanna Johnson testified that she asked Reed about the eluding incident, and Reed told her he had allowed a friend to use his car. When Johnson followed up with additional questions, Reed said that his friend "does not drive like that" and that he did not know who was driving his car at the time of the incident.

After hearing argument from the parties, the district court found the government met its burden of proving Reed committed both violations. The court revoked Reed's term of supervised release and imposed a 15-month sentence of imprisonment and 18 months of supervised release to follow. Reed appeals, arguing there was insufficient evidence to support the finding that he committed either of the alleged violations of his supervision.

II.

The district court may revoke a term of supervised release if the government proves by a preponderance of the evidence that a supervisee has violated a condition of their supervised release. United States v. Staten, 990 F.3d 631, 635 (8th Cir. 2021) (quoting United States v. Boyd, 792 F.3d 916, 919 (8th Cir. 2015)); 18 U.S.C. § 3583(e)(3). We review the decision to revoke for an abuse of discretion, and "we review the factual determinations regarding whether a violation occurred for clear error." United States v. Smith, 576 F.3d 513, 515 (8th Cir. 2009) (citing United States v. Black Bear, 542 F.3d 249, 252 (8th Cir. 2008)).

As to the violation based on his arrest for OWI, Reed contends that Bunch offered only conclusory statements about Reed's performance on the sobriety tests based on his own subjective assessments. However, the district court found that Bunch was an experienced law enforcement officer and credited his testimony that Reed showed visible signs of intoxication and smelled of alcohol, scored poorly on all of the field sobriety tests, and refused a breath test. Reed points out that he submitted an unobserved urine sample the day after his arrest that tested negative for both alcohol and marijuana. But the district court considered this evidence, and

-3-

limited its finding to alcohol—not marijuana—intoxication. The government presented sufficient evidence to prove by a preponderance of the evidence that Reed violated the conditions of his supervised release by operating a motor vehicle while intoxicated.

As to the violation based on eluding, the district court found that the car was "indisputably Mr. Reed's car," and that the car "unquestionably engaged in elusive behavior." Reed does not challenge either of these findings. Rather, Reed asserts there is insufficient evidence to find that he was the driver of the eluding car.

In addition to finding that the car involved in the eluding incident was Reed's, the district court found that Reed had strong incentive to flee because his license was suspended at the time, and that Reed gave evasive answers to his probation officer about who might—or might not—have been driving his car. While the evidence to support the eluding violation was not as strong as that supporting the OWI violation, the district court's findings are not clearly erroneous, and they are sufficient to support the court's conclusion that the government proved by a preponderance of the evidence that Reed violated the terms of his supervised release by eluding in violation of Iowa law.

III.

The district court did not abuse its discretion in revoking Reed's term of supervised release. The judgment is affirmed.

_____